IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DARCI L. LUEDT,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | CV 11-90-BLG-RFC-CSO<br><br><br>ORDER GRANTING UNOPPOSED MOTION TO REMAND UNDER SENTENCE SIX OF 42 U.S.C. § 405(g) |

Defendant Michael J. Astrue, the Commissioner of Social Security, has filed a Motion to Remand under sentence six of 42 U.S.C. § 405(g) because significant portions of the recording of the Plaintiff's July 21, 2010, hearing before an Administrative Law Judge are inaudible. *Defendant's Mtn. to Remand (Court Doc. 12) at 2.* Plaintiff Darci L. Luedt does not object to the Commissioner's motion for remand and joins in the motion. *Pltf's Resp. (Court Doc. 13) at 1.*

Sentence six of § 405(g) authorizes the Court, "on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, [to] remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." 42 U.S.C. § 405(g). In a sentence six remand, the court "does not affirm, modify, or reverse the Secretary's

decision; it does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Unlike sentence four remands, sentence six remands do not constitute final judgments." *Akopyan v. Barnhart*, 296 F.3d 852, 854-55 (9th Cir. 2002) (citation omitted).

Here, the Commissioner has requested remand before answering the Complaint. The Court finds good cause exists for remand. "Good cause for remand under sentence six may exist when portions of the recording from the hearing before the Administrative Law Judge are inaudible." *Carr v. Social Security Admin. Comm'r*, 2011 WL 6002928, *1 (D. Me. 2011) (citing *Bianchi v. Secretary of Health and Human Services*, 764 F.2d 44, 46 (1st Cir. 1985) (quoting H.R. Conf. Rep. No. 944, 96th Cong., 2d Sess. 59, reprinted in 1980 U.S. Code Cong. & Ad.News 1277, 1407)).

Based on the foregoing, and because Luedt expressly does not oppose remand, see Court Doc. 13, IT IS ORDERED that the Commissioner's motion *(Court Doc. 12)* is GRANTED. This matter is remanded to the Commissioner under sentence six of 42 U.S.C. § 405(g) for further administrative proceedings. Upon remand, the

Administrative Law Judge will develop the record, hold a new hearing, and issue a new decision.

DATED this 23rd day of December, 2011.

/S/ Carolyn S. Ostby
U.S. Magistrate Judge

3